In application for rehearing filed herein on behalf of defendant-appellee, counsel, in assigning error, has misconstrued that portion of our opinion in which we stated:
"But, the Act of 1898 was not content to provide simply for service upon corporations doing business with or without authority. It went so far as to include insurance companies issuing or delivering policies of insurance to citizens or residents of the State, and, certainly, the defendant company in this case must come under this provision."
Counsel contends that our expression above resulted from our error in confusing the language of Act 105 of 1898 with the language of Act 159 of 1940.
[6] For the purpose of attempting to correct the misapprehension under which counsel is laboring as to the interpretation of the quoted portion of our opinion, we take this opportunity to point out the fact that the language of this Court's opinion was calculated to explain the practical effect of the use of the words "directly or indirectly" in Act 105 of 1898, and our expression was intended to point the effect of this provision of the statute in connection with the facts involved in this case. We are convinced that the use of the expression "directly or indirectly" was designed to prevent the avoidance of the provisions of the legislation by any technical construction such as the one advanced in this case to the effect that the mailing of a policy in another State removes the issuing company from the necessity of compliance with the provisions of Louisiana statutes, although, such policy is directed to and received by a citizen or resident of Louisiana within the territorial confines of this State.